UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TPCO US HOLDING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>NED FUSSELL, et al.,<br><br>Defendants. | Case No. 23-cv-01324-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Docket No. 11 |

## I.  INTRODUCTION

Plaintiff TPCO US Holding ("TPCO") filed suit against Defendants Ned Fussell, Mosaic Ag., Inc., Paula Bruning, Christopher Potter, Sukanya Lauer, Lacy O'Callaghan, and Does 1 through 10 (collectively, "Defendants"). Docket No. 1 ("Compl."). Plaintiff originally filed suit in state court alleging four state-law causes of action for breach of contract regarding a land purchase agreement, cultivation and supply agreements, loan for outdoor cannabis cultivation, and declaratory relief. *Id.* Defendants Fussell and Mosaic ("Removing Defendants") removed the case to federal court.

Now pending is Plaintiff's Motion to Remand to state court and request for attorneys' fees and costs. Docket Nos. 11, 13, 15. For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand to state court as well as the request for attorneys' fees and costs.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

A.  Factual Background

Plaintiff TPCO is a direct-to-consumer cannabis company registered in Delaware with its principal place of business in San Jose, California. Compl. ¶ 12. TPCO services customers in

1   northern and southern California through its e-commerce platform via a mobile app that offers
2   branded cannabis product through delivery and pick-up at retail locations.  *Id.*  Ned Fussell is a
3   resident of California and the CEO of Mosaic Ag., Inc. ("Mosaic")—a cannabis management,
4   cultivation, and manufacturing company registered in California with its principal place of
5   business in Santa Rosa, California.  *Id*. ¶¶ 13–14.  Paula Bruning, Christopher Potter, Sukanya
6   Lauer, and Lacy O'Callaghan (the "Other Named Defendants") are all California residents who
7   hold all the membership interests of their respective one-acre cannabis farms which would have
8   been transferred to TPCO if the deal had closed.  *Id*. ¶¶ 15–19.

9         In mid-May 2021, Plaintiff TPCO entered into a contract (the "Purchase Agreement") with
10  Defendants Fussell and the Company Holders.  *Id*. ¶ 2.  Plaintiff was to acquire four one-acre
11  parcels of licensed outdoor cannabis cultivation property located in Sonoma County, California.
12  *Id*.  As a part of the purchase price, Plaintiff advanced Fussell a personal loan of $5,650,000 (the
13  "Note") that would be deemed satisfied if the transaction closed on or before June 1, 2022,
14  otherwise Fussell would be personally liable and required to repay the Note.  *Id*. ¶ 3.  Plaintiff also
15  entered into a cultivation and supply agreement (the "Supply Agreement") for each of the parcels
16  with one of Fussell's companies, Mosaic.  *Id*. ¶ 4.

17        Fussell failed to complete his obligations under the Purchase Agreement, and the
18  transaction could not close.  *Id*. ¶ 7.  Specifically, under the Purchase Agreement, Fussell failed to
19  provide disclosure statements in a timely manner, obtain state and local regulatory approvals to
20  transfer the cultivation license to Plaintiff, secure landlords consents to assign the cultivation
21  licenses to Plaintiff and extend the terms of the existing licenses, provide due diligence
22  information and documents to Plaintiff, and produce a minimum quantity of cannabis that met
23  identified criteria of at least 12,000 pounds total after drying and bucking.  *Id*. ¶ 6.  Because the
24  transaction did not close before June 1, 2022, the Note became due and owing on June 1, 2022.
25  *Id*. ¶ 7.  Fussell's company Mosaic also failed to fulfill its deliverable obligations under the Supply
26  Agreements and thus owes $1,499,086 to Plaintiff.  *Id*. ¶ 9.

27        On June 30, 2022, Plaintiff terminated the Purchase Agreement and Supply Agreements
28  and sent a notice of default to Fussell in reference to the matured Note.  *See id*. ¶¶ 123–36.

1   Neither Fussell nor Mosaic have made any payments to TPCO despite repeated demands and
2   instead sought to renegotiate and redraft the agreements.  *Id*. ¶ 11.

3   B.   Procedural History

4   Plaintiff filed suit on December 16, 2022 in the Superior Court of California in Santa Clara County with four state-law causes of action: (i) a breach of contract claim against Fussell for breach of the Note, (ii) a breach of written contract claim against Mosaic for breach of the Supply Agreements, (iii) a breach of implied-in-fact contract claim against Mosaic for breach of payment obligations, and (iv) a declaratory relief claim against Fussell and the Company Holders seeking a declaration that the Purchase Agreement has been terminated.  *Id*. ¶¶ 154–93.

On March 21, 2023, Removing Defendants Fussell and Mosaic removed the suit to the U.S. District Court for the Northern District of California.  Docket No. 1 ("Notice of Removal").  Now pending is Plaintiff's Motion to Remand to state court, filed on April 20, 2023, on grounds that the Notice of Removal was procedurally deficient, and the Court lacks federal jurisdiction over the case.  Docket No. 11 ("Motion to Remand").  Removing Defendants filed a response on May 4, 2023.  Docket No. 13. ("Defendants' Opp.").  Plaintiff filed a reply on May 11, 2023.  Docket No. 15.  ("Plaintiff's Repl.").

### III.   LEGAL STANDARD

A.   Motion to Remand to State Court

The party seeking removal bears the burden of establishing federal jurisdiction.  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).  A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case.  *See* 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").  If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court.  28 U.S.C. § 1447(c).

## IV. DISCUSSION

A. Notice of Removal

Plaintiff argues that removal is improper for the three following reasons: (i) the Court lacks federal question jurisdiction in this case, (ii) Removing Defendants failed to obtain consent from Other Named Defendants for removal, and (iii) the Notice of Removal was brought by a non-party. *See* Motion to Remand at 2:8–14. The Court addresses each argument in turn.

1. Federal Question Jurisdiction

This Court never held federal question subject matter jurisdiction over this case and Removing Defendants do not meet their burden of establishing federal jurisdiction in their Notice. First, as required by the well-pleaded complaint rule, there is no federal claim on the face of the Complaint to serve as a basis for removal. Second, the Notice of Removal similarly fails to set forth a short and plain statement of the factual grounds for federal question jurisdiction.

a. Well-Pleaded Complaint

Only state court actions that could have originally been filed in federal court – *i.e.*, where there is federal jurisdiction – may be removed to federal court by the defendant. *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule applies when determining whether federal question jurisdiction exists for the purposes of removal. *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686 (9th Cir. 2022). The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Further, "removal must be based on the plaintiff's claims and cannot be based on a defendant's federal defense." *Saldana*, 27 F.4th at 686 (citing *Caterpillar*, 482 U.S. at 392). However, there are two rare exceptions to the well-pleaded complaint rule: (1) when the state law claim arises under federal law because it raises a substantial federal question, and (2) when the federal statute has been recognized to have complete preemption over the state law claim. *City of Oakland v. BP PLC*, 969 F.3d 895, 905–906 (9th Cir. 2020). As resolution of Plaintiff's breach of contract claims do not raise a "substantial question as to the interpretation or validity" of the Controlled Substances Act ("CSA"), nor do they "challenge[] the actions of a federal agency," these claims do not fall into the "special and small"

4

category of state law claims which arises under the first exception. *Id.* at 904–905 (9th Cir. 2020). Furthermore, under the second exception, the Supreme Court has only recognized three complete preemption statutes: § 301 of the Labor Management Relations Act, § 502(a) of the Employment Retirement Income Security Act of 1974 (ERISA), and §§ 85 and 86 of the National Bank Act. *Id.* at 905–906.

The second exception does not apply. There is no complete preemption under the CSA. The CSA has not been recognized by the Supreme Court (or any other court) as one of the few complete preemption statutes. The CSA's federal statutory scheme is not "so comprehensive that it *entirely supplants* state law causes of action," as is required in a complete preemption statute. *Saldana*, 27 F.4th at 688. A contrary holding would preempt all state laws throughout the nation which have decriminalized and made legal the sale of marijuana.

Nor does the first exception apply. The state law claims pled herein do not raise a substantial federal question. The CSA is not "'a necessary element of the . . . claim for relief'" in this present dispute. *City of Oakland*, 969 F.3d at 904, 906 (adjudication over the state claim did not require resolution of a substantial federal question nor the interpretation of a federal statute or the Constitution) (citing *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).

Although Removing Defendants claim a federal question appears on the face of the Complaint because "Plaintiff seeks compensation and lost profits related to the growing, cultivation, processing, and/or sales of marijuana, which is illegal under the CSA," Defendants' Opp. at 4:2–4; *see also* Fed. R. Civ. P. 8(c)(1) (listing illegality), the CSA is asserted as an affirmative defense. It is well-settled law that a federal defense "is not a sufficient basis to find embedded federal question jurisdiction." *Saldana*, 27 F.4th at 688. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 2 (1983) (reaffirming that a state law claim "may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the complaint").

b.     Notice of Removal

Moreover, as a matter of procedure, the Notice of Removal herein does not sufficiently assert a basis for federal jurisdiction. A defendant seeking to remove an action bears the burden of

1  proving federal jurisdiction and must provide "a short and plain statement of the grounds for
2  removal." 28 U.S.C. § 1446(a).  The notice of removal "may not offer mere legal conclusions; it
3  must allege the underlying facts supporting each of the requirements for removal jurisdiction."
4  *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).  The notice here simply concludes that
5  the Court has federal question jurisdiction under 28 U.S.C. § 1331 and that the suit may be
6  removed pursuant to 28 U.S.C. § 1441(a) because it arises under the CSA:

> This action is a civil action of which this Court has original jurisdiction under Section 1331 of Title 28 of the U.S. Code; and is one which may be removed to this Court by Defendants pursuant to the provisions of Section 1441(a) of Title 28 of the U.S. Code in that it arises under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*).  *See also Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179 (2022) (recognizing that "action arises under federal law when 'a well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law'").

13  *See* Notice of Removal at 2:1–4.  However, the Notice of Removal lacks any facts to support a
14  basis for federal jurisdiction, fails to address the absence of a federal claim or federal cause of
15  action on the face of the Complaint itself, and seems to be based solely on a potential affirmative
16  defense under the CSA, an insufficient basis for federal question jurisdiction.

17      2.    <u>Consent of All Defendants</u>

18  Removal is defective for yet another reason.  "When a civil action is removed solely under
19  section 1441(a), all defendants who have been properly joined and served must join in or consent
20  to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  "[T]he filing of a notice of removal can
21  be effective without individual consent documents on behalf of each defendant," if "[o]ne
22  defendant's timely removal notice containing an averment of the other defendants' consent and
23  signed by an attorney of record is sufficient."  *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d
24  1208, 1225 (9th Cir. 2009).

25  Removing Defendants failed to obtain or aver the consent of all defendants under the Ninth
26  Circuit's *Proctor* standard for joinder in removal.

27  Here, the averred consent by co-defendants is insufficient.  The Other Named Defendants
28  were properly joined and served in the initial Complaint, and thus were required to have either

6

joined in or consented to the Notice of Removal but failed to do so. *See* 28 U.S.C. § 1446(b)(2)(A). Removing Defendants failed to obtain consent from the Other Named Defendants prior to filing their Notice of Removal. Instead, the Notice of Removal states: "Defendants *will* use reasonable efforts to notify the other named defendants of this action's removal to federal court." Notice of Removal at 2:8–9 (emphasis added). Evidently, at the time of the Notice, the consent of all defendants, a fact which must appear in the notice of removal itself, *see* 28 U.S.C. § 1446(b)(2)(A); *Proctor,* 584 F.3d at 1225, was *not* obtained.

In a declaration attached to their Opposition, Removing Defendants clarified they had alerted Other Named Defendants of the removal and "[n]one of them objected to the removal." Defendants' Opp. at 4:19–21. However, in the absence of affirmative consent by co-defendants, other district courts have largely (if not unanimously) found a lack of affirmative consent and remanded back to state court. *See Tilley v. Tisdale*, 914 F. Supp. 2d 846, 852 (E.D. Tex. 2012) (ruling that "silence is not valid consent and does not satisfy the provisions of § 1446"); *see also Luckett v. Harris Hosp.-Fort Worth*, 764 F. Supp. 436, 442 (N.D. Tex. 1991) (remanding when the only evidence of co-defendants' consent was an unsupported notice of non-opposition to removal attached to the notice of removal). "An expression of no objection to an act of another party does not mean consent to or joinder in what that other party is doing." *Alejandro v. Philadelphia Vision Ctr.*, 271 F. Supp. 3d 759, 761 (E.D. Pa. 2017) (remanding an action back to state court when co-defendants simply wrote they "did not object" in response to a notice of removal).

In any event, an averment of notice and consent filed after the fact of removal does not satisfy the concern in *Proctor* "that one defendant might game the system by silently allowing another to remove and, if the federal forum proves disadvantageous, belatedly object that he had not consented." 584 F.3d at 1225. If there is an averment of consent, it must appear in the Notice of Removal. Where it is unclear if removal was proper, the Ninth Circuit favors remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

3. <u>Notice of Removal Brought by a Non-Party</u>

The parties dispute whether the proper Mosaic entity was named in the suit and notice of removal. *Compare* Compl. at 2:2 (naming "Mosaic Ag., Inc." as a party to the suit and to the

7

Supply Agreements), *with* Notice of Removal at 1:20–22 (naming "Mosaic Ag., LLC"). Plaintiffs now assert that "Mosaic Ag., LLC" was not a named defendant and thus lacked standing to remove the action from state court. Motion to Remand at 11:14–23.

The naming error amounts to a technical defect that is not dispositive. Amendments to a notice of removal "are permissible only to allow for the correction of a technical defect in the form of a notice." *Green v. Minnesota Life Ins. Co.*, No. C 05-02410 JSW, 2005 WL 8162635, at *3 (N.D. Cal. Nov. 1, 2005); *see also ARCO Env't Remediation, LLC v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000) (permitting amendment to a notice of removal to correct jurisdictional facts upon scrutiny of the record of the case). Here, the typo between "Mosaic Ag., Inc." and "Mosaic Ag., LLC" appears to be a technical defect in the Notice that Removing Defendants are amenable to fixing. Counsel for Mosaic have clarified there had been "miscommunication between Mr. Fussell and his counsel . . . with respect to the proper name of the entity sued" and that the Notice of Removal contained a "typographical error" listing "Mosaic Ag., LLC" as party to the suit and as the Removing Defendant. Defendants' Opp. at 5:8–14. To be clear, counsel for Mosaic has now confirmed that the correct party to the suit is Mosaic Ag., Inc., the entity originally listed in the Complaint, not the entity named in the Notice of Removal. *Id*. This naming error is not dispositive as to the motion to remand.

B.  Attorneys' Fees and Other Costs Incurred

A motion to remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The power to grant attorneys' fees is discretionary power of the Court. *Dall v. Albertson's Inc.*, 349 Fed. App'x. 158, 160 (9th Cir. 2009). "'Courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Id.* (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In determining attorneys' fees, the Supreme Court considers the "desire to deter removals sought for the purpose of prolonging litigation and imposing costs" balanced against "Congress' basic decision to afford defendants a right to remove." *Martin*, 546 U.S. at 140.

An award of attorneys' fees and costs is merited here, as Removing Defendants had no

8

objectively reasonable basis for seeking removal. *See Martin*, 546 U.S. at 141. Although Removing Defendants argue the case was properly removed on the basis of a substantial federal question issue under the CSA, Defendants' Opp. at 8:19–20, Defendants' removal was improper and unreasonable in light of the clearly established law in this realm. *See Maglesini v. Malley*, No. 22-15625, 2023 WL 1281664, at *1 (9th Cir. 2023) (holding "removal is objectively unreasonable when relevant case law at the time clearly forecloses the removing party's asserted basis for removal"). The Complaint plainly only raises state-law breach of contract claims and does not implicate any federal laws; only the anticipatory defense of the illegality of cannabis under the CSA arguably implicates a federal question. *See* Compl. ¶¶ 154–93. But it is a bedrock principle that an affirmative federal defense cannot serve as the basis for removal to a federal court. *See Caterpillar*, 482 U.S. at 392. Defendants lacked objectively reasonable grounds to believe the removal was legally proper, thus an award of fees is warranted. *See Martin*, 546 U.S. at 140. Moreover, removal was improper procedurally as noted above.

        The Court grants Plaintiff all attorneys' fees and other costs that have been incurred in association with the removal. *See Moore v. Kaiser Found. Hosps., Inc.*, 765 F. Supp. 1464, 1466 (N.D. Cal. 1991), *aff'd in part, remanded in part sub nom. Moore v. Permanente Med. Grp., Inc.*, 980 F.2d 738 (9th Cir. 1992), *and aff'd sub nom. Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443 (9th Cir. 1992) ("[T]he court concludes that Congress has placed *no limit* on the amount of payment which the court may require of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. The court may award *none, some, or all* of the fees incurred by the remanding party.") (emphases added).

## V. CONCLUSION

        For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand the action to the Superior Court of the State of California, County of Santa Clara and awards Plaintiff TPCO its costs and any actual expenses, including attorneys' fees, incurred as a result of the removal. The Court orders the parties to meet and confer regarding a stipulation as to attorneys' fees and costs, as detailed by Krista Enns's Declaration in Support of Plaintiff's Request for Fees, Docket No. 18; absent agreement, the Court permits Plaintiff to file a declaration as to the actual amount of

9

Plaintiff's attorneys' fees and costs two weeks from the date of this order; Defendants may file a response one week thereafter.

This order disposes of Docket No. 11.

**IT IS SO ORDERED**.

Dated: July 3, 2023

_____
EDWARD M. CHEN
United States District Judge