UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TPCO US HOLDING, LLC,<br><br>    Plaintiff,<br><br>       v.<br><br>NED FUSSELL, et al.,<br><br>    Defendants. | Case No. 23-cv-01324-EMC<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES**<br><br>Docket No. 11 |

## I.   INTRODUCTION

Plaintiff TPCO US Holding ("TPCO") seeks attorney fees after prevailing on a motion to remand this action to state court, pursuant to 28 U.S.C. § 1447(c).

TPCO originally filed suit in state court against Defendants Ned Fussell, Mosaic Ag., Inc., Paula Bruning, Christopher Potter, Sukanya Lauer, Lacy O'Callaghan, and Does 1 through 10 (collectively, "Defendants"), alleging four state-law causes of action for breach of contract regarding a land purchase agreement, cultivation and supply agreements, loan for outdoor cannabis cultivation, and declaratory relief. Docket No. 1 ("Compl."). In response to Defendants Fussell and Mosaic's ("Removing Defendants") improper removal to federal court, TPCO filed a motion to remand. Docket No. 11 ("MTR"). The Court granted TPCO's motion to remand and motion for attorneys' costs and fees, with the specific amount to be determined. Docket No. 20 ("Order"). The Court ordered the parties to meet and confer about the requested fees or, in absence of agreement, to submit declarations at to the actual amount of TPCO's attorneys' fees. *Id.* Since then, the parties have failed to meet and confer. Docket No. 24 ("Supp. Enns Decl."). Defendant's counsel wrote in an email that they found the fees to be "excessive." *Id.* ¶ 4. They

took issue with the fact that "a non-California partner billed on the matter for no apparent good reason" but stated that "if the non-California partner's fees were removed, [his] client would not otherwise object to the fees." *Id*. TPCO then timely filed a declaration as to the actual amount of its attorney's fees and costs, but Removing Defendants have yet to file any response. *See id*.; *see also* Docket No. 18 ("Enns Decl.").

## II.     LEGAL STANDARD

A.     Motion for Attorneys' Fees and Costs

Section 1447(c) of Title 28 of the United States Code provides that an order remanding an action "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Section 1447(c) has been recognized as a fee-shifting statute, and in the Ninth Circuit, "[u]nder a fee-shifting statute, the court must calculate awards for attorneys' fees using the lodestar method." *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003) (internal quotation omitted). The lodestar is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (internal citations omitted).

## III.     DISCUSSION

The Court grants TPCO attorney fees of $27,765.09 ($30,850.10, less 10%). The lodestar analysis considers two factors: the reasonableness of the number of hours and the reasonableness of the hourly rate. *Hensley*, 461 U.S. at 433. A district court first calculates the "lodestar figure" by "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). Once calculated, the lodestar amount may be further adjusted based on other factors not already subsumed in the initial lodestar calculation.[1] *See Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67,

---

[1] The 12 *Kerr* factors bearing on reasonableness of fees are:

> (1) the time and labor required, (2) the novelty and difficulty of the question involved, (3) the skill requisite to perform the legal

2

1  70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557

2  (1992)).  However, there is a "strong presumption" that the lodestar calculation represents a

3  reasonable fee; only in rare instances should the lodestar figure be adjusted.  *Morales*, 96 F.3d at

4  364 n.8.

5        TPCO's billing entries reflect services performed by Krista M. Enns (partner), Elliot M.

6  Smith (partner), Abigail Riffee (associate), and Sara Mishic (paralegal) of the law firm Benesch,

7  Friedlander, Coplan & Aronoff LLP ("Benesch").  Enns Decl.  TPCO's counsel's total billed

8  hours and fees are broken down as follows:

| Name | Position | Hourly Rate | Time Billed | Total Fee |
|---|---|---|---|---|
| Krista M. Enns | Partner | $660 | 8.3 hours | ~ $5,478.00 |
| Elliot M. Smith | Partner | $655 | 23.6 hours | ~ 15,458.00 |
| Abigail Riffee | Associate | $370 | 19.7 hours | ~ $7,289.00 |
| Sara Mishic | Paralegal | $305 | 8.6 hours | ~ $2,623.00 |
| Total | | | 60.2 hours | ~ $30,848.00[2] |

*Id*. ¶ 4; Docket No. 18-1 ("Ex. A").

A.    <u>Reasonableness of the Hourly Rate</u>

"When determining an attorney's reasonable hourly rate, courts weigh the 'experience, skill, and reputation of the attorney requesting fees,' and compare the requested rates to prevailing market rates of the relevant community."  *Funk v. Bank of Hawaii*, No. 20-CV-01378-BLF, 2020 WL 3503881, at *2 (N.D. Cal. June 29, 2020) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d

---

service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

[2] The total adds up to $30,848.00, which is $2.10 less than TPCO's request of $30,850.10 in attorney fees, but this discrepancy is likely due to the rounding of time in Ex. A and is not a cause for concern.

3

1205, 1210–11 (9th Cir. 1986)).  The relevant community for purposes of determining the prevailing market rate is generally the "forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir. 2008).

Here, the relevant forum for comparing reasonable attorney rates is the Northern District Court of California.  "District courts in Northern California have found that rates of $475–$975 per hour for partners and $300–490 per hour for associates are reasonable." *Miletak v. AT&T Servs., Inc.*, No. 12-CV-05326-EMC, 2020 WL 6497925, at *6 (N.D. Cal. Aug. 3, 2020); *see also In re Magsafe Apple Power Adapter Litig.*, No. 5:09-CV-01911-EJD, 2015 WL 428105, at *12 (N.D. Cal. Jan. 30, 2015) ("In the Bay Area, reasonable hourly rates for partners range from $560 to $800, for associates from $285 to $510, and for paralegals and litigation support staff from $150 to $240.").

TPCO asserts that the rates billed in this case match "Benesch's usual and customary billing rates" during the time period of this matter.  Enns Decl. ¶ 4.  Krista Enns is a litigation partner in San Francisco, CA who has over 20 years of experience and has been a partner for over 13 years.  Enns Decl. ¶¶ 4, 6.  She has been admitted to various federal courts of appeal and listed as counsel in numerous published decisions.  *Id.* ¶ 6.  Her billable rate of $660 per hour falls in the middle of the spectrum of accepted hourly rates for partners in the Bay Area and is reasonable. *See Miletak*, 2020 WL 6497925, at *6.

Elliot Smith is a litigation partner in Cleveland, OH who has been admitted to practice in Ohio for almost 20 years.  Enns Decl. ¶ 7.  He specializes in bankruptcy litigation, creditor rights, and complex commercial litigation.  *Id.*  His billing rate is $655 per hour, which is also reasonable as it is within the spectrum of reasonable partner billable rates.  *See Miletak*, 2020 WL 6497925, at *6.  Although Defendant primarily disputes the inclusion of Mr. Smith as "a non-California partner," Supp. Enns Decl. ¶ 4, an attorney's location is not a relevant factor in the reasonableness of attorney's fees.  *See Hensley*, 461 U.S. at 433.

Abigail Riffee is an associate in Columbus, OH and has been practicing for around four years since graduating from law school in 2019.  Enns Decl. ¶ 8.  Her practice focuses on complex commercial litigation, including contract disputes and business torts.  *Id.*  Her billable rate as an

4

associate is $370, which is in the middle of the reasonable range of $300–$490 for associates and is therefore reasonable. *See Miletak*, 2020 WL 6497925, at *6.

Sara Mishic is a paralegal with over 20 years of trial and alternative dispute resolution experience. Her billable rate as a paralegal is $305 per hour, which is above the average market rate of $150–$240 for paralegals in the Bay Area but justified by her two-decades worth of experience. Additionally, Defendants have not disputed her rate.

B.    Reasonableness of Hours Claimed

The Court must determine the number of hours "reasonably expended on the litigation." *Hensley*, 461 U.S. at 433–34. Accordingly, the Court must eliminate from the lodestar time that was unreasonably, unnecessarily, or inefficiently devoted to the case. *Id.* at 434.

TPCO submitted a detailed itemization of attorney's fees and claims a total of 60.2 hours of attorney time spent on responding to Defendant's notice of removal, preparing their motion to remand, reply, and statements at the hearing. *See* Ex. A. Partner Krista Enns spent 8.3 hours on this matter leading the team in the analysis, strategy, and client correspondence for the matter and billed a total of $5,478. *See id.* Partner Elliot Smith spent 23.6 hours on this matter, as he was the main drafter of the motion to remand and reply and outlined, wrote, reviewed, and finalized TPCO's briefings in strategy with Ms. Enns. *See id.* Mr. Smith subsequently billed about half the total fees, with a total of $15,458. *See id.* Associate Abigail Riffee spent 19.7 hours conducting research into caselaw for motions to remand, drafting research conclusions and recommendations and had a fee of $7,289. *See id.* Paralegal Sara Mishic provided Bluebook citations, record citations, and drafted the proposed order and the table of authorities and table of content for the briefing and had a total fee of $2,623. *See id.*

TPCO's 15-page motion to remand and 8-page reply are both clear, thorough, and well-supported with relevant citations to caselaw. *See* MTR; *see* P's Repl.

Having reviewed the briefs and hearing argument, the Court concludes that a total of 60.2 hours billed across two partners, an associate, and a paralegal to prepare a motion to remand, a reply, and a noticed hearing seems to be appropriate and reasonable under the circumstances. None of the tasks or hours detailed by TPCO's counsel's billing record were obviously

unreasonable, unnecessary, or inefficient, though it is difficult to "tell by a cursory examination which hours are unnecessarily duplicative," given the multitude of attorneys contributing to the motions. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Thus, this Court will impose a "haircut" of 10% of the requested attorneys' fees. *See id.* (holding that "the district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation").

### IV. CONCLUSION

The Court finds that the hourly rate and number of hours spent are reasonable and therefore **GRANTS** attorneys' fees of $27,765.09 ($30,850.10, less 10%).

This order disposes of Docket No. 11.

**IT IS SO ORDERED**.

Dated: August 9, 2023

_____
EDWARD M. CHEN
United States District Judge